(52 Misc. Rep. 379)

KENNEDY v. HOLL.

(Supreme Court, Special Term, New York County.   January, 1907.)

1. VENDOR AND PURCHASER—OBJECTIONS TO TITLE.
    That an action had been brought against a vendor to compel him to erect fire escapes and make other changes in accordance with municipal regulations, in which a lis pendens had been filed, is not a valid objection on the part of the purchaser of the premises to the title, where the lis pendens was canceled before the date fixed for closing the contract.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 238–246, 272.]

2. SAME.
    It is no valid objection to the title that judgments were recovered within 10 years against the former owner of the premises, where such owner was within a month after the first judgment, and before recovery of others, adjudged a bankrupt, and the premises were sold by his trustee and the trustee had accounted for the proceeds.

3. SAME—BANKRUPTCY—SALE—TITLE OF PURCHASER.
    Where premises were sold by a trustee in bankruptcy failure to file with the register of the county a certified copy of the adjudication in bankruptcy as provided by bankruptcy law does not affect the validity of the title of the purchaser.

Action by James J. Kennedy against John Holl for specific performance for the sale of realty.   Judgment for defendant.

See 99 N. Y. Supp. 162.

Morton Stein, for plaintiff.

Wesselman & Kraus, for defendant.

DAVIS, J.   This is an action for the specific performance of a contract dated November 3, 1905, for the sale of certain premises in West Forty-Seventh street.   The time of closing the contract was extended to January 9, 1906.   On this day the plaintiff refused to take title, and the defendant refused to return the deposit money.   The plaintiff's first objection to the title was that on August 29, 1904, a lis pendens was filed against the property in an action brought by the city of New York against a former owner upon a violation filed against the premises by

the tenement house department. The violation referred to was an alleged failure to erect fire escapes and to remove school sinks. On the day of closing the lis pendens had been canceled, but the plaintiff claims that the defects complained of still existed on the day of closing, and for that reason he was not bound to take title. The contract does not provide that the premises shall be conveyed free of these violations. Nor does it provide that the physical condition of the premises shall be in fact such as to conform with the tenement house law. Assuming that on the day of closing the fire escapes had not been erected, nor the school sinks removed, such a condition of the premises would not constitute a defect of title. Presumably the plaintiff examined the property before signing his contract, and knew its physical condition. If it was then being maintained in violation of the law, he knew that fact when he agreed to purchase. Doubtless the consideration was agreed upon with reference to these surrounding circumstances. The violation being discharged and the lis pendens canceled, he was bound to take title in the absence of other objections. Plaintiff claims, however, that the violation was discharged and the lis pendens canceled through fraud and misrepresentation, with intent to defraud the plaintiff by requiring him to take the property in its defective physical condition. Even if this were true, it is immaterial in this action by what means the cancellation of the lis pendens was obtained. The fact remains that neither the violation nor the lis pendens existed on the day of closing, and so this objection is not sound.

Plaintiff also objected to the title on the ground that there were outstanding and of record in the office of the clerk of the county of New York 10 unsatisfied judgments against one Mauro Pizzutiello, a former owner of the premises. These judgments were rendered on various dates between August 19, 1904, and September 23, 1904, both inclusive. On September 6, 1904, a petition in bankruptcy was filed against Pizzutiello, and on the next day he was adjudicated a bankrupt. The schedules thereafter filed by the bankrupt contained all the judgments referred to. On November 2, 1904, a trustee was duly appointed, and under proper authority he sold the bankrupt's property at public auction. At this sale the defendant became the purchaser and received his deed on November 15, 1905. Subsequently the trustee filed his accounts, in which he mentions the sale of the premises in question and the disposition of the proceeds. The account was passed by the referee in bankruptcy and the trustee duly discharged. Under the bankruptcy act all of these judgments against Pizzutiello became void as being illegal preferences upon the filing of the petition in bankruptcy, and the adjudication thereon, because they were not recovered prior to the four months immediately preceding the filing of the petition. The proceedings in bankruptcy effectually cleared the property of the liens of these judgments, and their existence of record was not a good ground for the rejection of the title.

Other objections to the title were raised, but none of them was sufficiently serious to justify a refusal to accept the deed tendered. The fact that no certified copy of the decree adjudicating Pizzutiello a bankrupt was ever filed in the office of the register of New York

county, as provided for by the bankruptcy law, does not affect the validity of the title. The trustee had a good title, conveyed a good title, and the usual search in the United States District Court would disclose his complete record title.

For these reasons, the defendant is entitled to judgment dismissing the complaint, with costs.

Judgment for defendant, with costs.